UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TRACIE E., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:20-cv-00307-SEB-MPB |
| ) | |
| ANDREW M. SAUL, ) | |
| ) | |
| Defendant. ) | |

**ORDER OVERRULING OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is an action for judicial review of the final decision of Defendant Commissioner of Social Security ("Commissioner") finding Plaintiff Tracie E.[1] not entitled to Disability Insurance Benefits. This case was referred to Magistrate Judge Brookman for initial consideration. On February 12, 2021, Magistrate Judge Brookman issued a report and recommendation that the Commissioner's decision finding Tracie E. not disabled be affirmed. This cause is now before the Court on Tracie E.'s Objection to the Magistrate Judge's Report and Recommendation [Dkt. 39]. The government has not filed a response.

**Standard of Review**

---

[1] To protect the privacy interests of claimants for Social Security benefits, consistent with the recommendation of the Court Administration and the Case Management Committee of the Administrative Office of the United States Courts, the Southern District of Indiana has opted to use only the first name and last initial of non-governmental parties in its Social Security judicial review opinions.

We review the Commissioner's denial of benefits to determine whether it was supported by substantial evidence or is the result of an error of law. *Rice v. Barnhart,* 384 F.3d 363, 368–369 (7th Cir. 2004); *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Dixon v. Massanari,* 270 F.3d 1171, 1176 (7th Cir. 2001). In our review of the decision of the Administrative Law Judge ("ALJ") we will not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [our] own judgment for that of the Commissioner." *Lopez,* 336 F.3d at 539. However, the ALJ's decision must be based upon consideration of "all the relevant evidence," without ignoring probative factors. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994). In other words, the ALJ must "build an accurate and logical bridge" from the evidence in the record to his or her final conclusion. *Dixon*, 270 F.3d at 1176. We confine the scope of our review to the rationale offered by the ALJ. *See SEC v. Chenery Corp.*, 318 U.S. 80, 93–95 (1943); *Tumminaro v. Astrue,* 671 F.3d 629, 632 (7th Cir. 2011).

When a party raises specific objections to elements of a magistrate judge's report and recommendation, the district court reviews those elements *de novo,* determining for itself whether the Commissioner's decision as to those issues is supported by substantial evidence or was the result of an error of law. Fed. R. Civ. Pro. 72(b). The district court "makes the ultimate decision to adopt, reject, or modify" the report and recommendation, and it need not accept any portion as binding; the court may, however, defer to those conclusions of the report and recommendation to which timely objections have not been

2

raised by a party. *See Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 759–761 (7th Cir. 2009).

**Discussion**[2]

Tracie E. filed for disability alleging that she can no longer work primarily because of a brain tumor. Plaintiff claims that the ALJ erred in three ways: (1) by failing to find that she met medical impairment Listing 11.05B; (2) by relying on her activities of daily living to determine that she had a residual functional capacity to work a full time job and cherry picking supporting evidence while ignoring contrary evidence; and (3) in the weight the ALJ assigned to the medical opinions. The Magistrate Judge, in his thorough and well-reasoned report, addressed each of Plaintiff's arguments, concluding that substantial evidence supports the ALJ's opinion and that remand is not warranted.

Tracie E.'s objection to the Magistrate Judge's Report and Recommendation, rather than cite any particular error in the Magistrate Judge's analysis, in essence simply asks us to reweigh the conflicting evidence from the medical experts, particularly from her treating physician, and reach a different conclusion than the ALJ. However, as the Magistrate Judge recognized, it is beyond the court's purview to reweigh the medical evidence on judicial review. *See Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999) ("Because the Commissioner is responsible for weighing the evidence, resolving conflicts, and making independent findings of fact …, this Court may not decide the facts anew, reweigh the evidence, or substitute its own judgment for that of the Commissioner

---

[2] Because the facts are sufficiently outlined in the ALJ's opinion and the parties' briefing, we need not and do not reiterate them in full here.

to decide whether a claimant is or is not disabled."). Thus, having reviewed *de novo* the Magistrate Judge's analysis and conclusions, we hold, for the same reasons set forth in his report, with which we entirely concur and hereby adopt both as to the cited authorities and related analysis, that none of the assignments of error raised by Plaintiff meets the standard required to justify remand.[3]

Accordingly, we find that Plaintiff's objections to the Report and Recommendation of the Magistrate Judge lack merit. Therefore, Plaintiff's objections are OVERRULED and the recommendations set forth in the Magistrate Judge's Report and Recommendation [Dkt. 39] and hereby adopted in their entirety. Final judgment shall enter in favor of Defendant and against Plaintiff.

    IT IS SO ORDERED.

Date: _____3/25/2021_____                    _____
                                                               SARAH EVANS BARKER, JUDGE
                                                              United States District Court
                                                               Southern District of Indiana

---

[3] Plaintiff's counsel cursorily argues that remand is appropriate "if for no other reason than" to allow for additional evaluations (a cognitive report and a physical examination) "to determine if, in fact, [Plaintiff] is able to maintain full time employment or if her cognitive capacities would prevent her from doing so." Dkt. 39 at 6. However, by failing to include any reference to any legal doctrine or authority in support of this claim or otherwise adequately develop it in any fashion, we consider it waived. *See United States v. Adams*, 625 F.3d 371, 378 (7th Cir. 2010) (failing to develop argument in any meaningful way waives that argument); *United States v. Elst*, 579 F.3d 740, 747 (7th Cir. 2009) ("Perfunctory and undeveloped arguments as well as arguments unsupported by pertinent authority are waived.").

Distribution:

Julie Lorraine Bentz
SOCIAL SECURITY ADMINISTRATION
julie.bentz@ssa.gov

Lu Han
SOCIAL SECURITY ADMINISTRATION
lu.han@ssa.gov

C. David Little
POWER, LITTLE, LITTLE AND LITTLE
powerlittle@powerlittle.com

Julian Clifford Wierenga
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
julian.wierenga@usdoj.gov